UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGH ANN MARZANO, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| SOUTHERN NEW ENGLAND TELEPHONE COMPANY, D/B/A FRONTIER COMMUNICATIONS OF CONNECTICUT, | : : : : | |
| | : | |
| Defendant. | : | July 27, 2016 |

Jury Trial Demanded

## COMPLAINT

Plaintiff, Leigh Ann Marzano, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1. At all times material, plaintiff, Leigh Ann Marzano, was and is a citizen of the State of Connecticut.

2. Defendant Southern New England Telephone Company, d/b/a Frontier Communications of Connecticut ("Frontier") was and is a corporation organized and existing under the laws of State of Connecticut with its principal place of business located at 310 Orange Street, New Haven, Connecticut 06510

3. At all times material, plaintiff was an employee within the meaning of Tile VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

4. At all times material, defendant is an employer within the meaning of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 U.S.C. §2000e(k); and the Equal Pay Act, 29 U.S.C. 206.

6. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

7. The Court has pendent jurisdiction over the state law claim.

## GENERAL ALLEGATIONS

8. Plaintiff is female.

9. Defendant employed plaintiff.

10. Plaintiff began working for SNET in or about 1988.

11. In 1998, SBC Communications purchased SNET and subsequently purchased AT&T and adopted the AT&T name.

12. In or about October 2014, Frontier took over the AT&T wire line in Connecticut.

13. Plaintiff has continued to remain an employee currently under Frontier.

14. Plaintiff's job title has changed throughout her tenure.

15. However, Plaintiff has never received the standard pay increases that were given to her male counterparts.

16. With each company takeover, Plaintiff has received promotions based on good performance; yet, Plaintiff's male direct reports and peers throughout and currently earn more than Plaintiff does.

17. Plaintiff's current title since October of 2014 is Supervisor Construction and Engineering within Defendant's Digital Electronics Group ("DEG") within Construction.

18. Plaintiff's current supervisor is David St. Martin, Manager Construction and Engineering within Defendant's DEG within Construction, since July of 2015.

19. Plaintiff is the only female supervisor Construction and Engineering within Defendant's DEG within Construction.

20. Plaintiff is the only female Supervisor Construction and Engineering within Defendant's DEG within Construction who reports to Mr. St. Martin.

21. Three (3) other persons, all male, hold the job title Supervisor Construction and Engineering within Construction and report to Mr. St. Martin.

22. Upon information and belief of the three (3) other persons holding the same job title as Plaintiff most if not all earn more than the Plaintiff.

23. Upon information and belief Plaintiff earns less than other male Supervisors in the Construction Department throughout Connecticut.

24. Since 2009 and through the present Plaintiff became aware that her salary was less than her male similarly situated colleagues.

25. For example, as of November 2015, Plaintiff's salary per annum is $84,084.80, which is significantly less than my similarly situated male colleague, Mr. Charles Marsella, who earns $95,149.74 per annum, or thereabouts.

26. Upon information and belief Plaintiff earns less than similarly situated male colleagues: (1) Matthew Marshall; (2) David Fredsall; and (3) Ryan McCarroll.

27. Upon information and belief Plaintiff earns less than her male similarly situated counterparts.

28. Since 2009, on at least fourteen (14) separate occasions, Plaintiff has verbally complained about her unequal pay to her manager Michael Imbriglio and Mr. Kevin Durnin.

3

29. Imbriglio and Durnin have both acknowledged to Plaintiff that her pay should be increased.

30. Imbriglio and Durnin have both approached their boss, John Andrasik, Greg Austin and Joe Aresco to seek redress for Plaintiff's unequal pay.

31. Although Andrasik, Austin and Aresco had the authorization to increase Plaintiff's pay, they never did.

32. On or about September 11, 2013, Plaintiff requested her dates and percentage of increases of all raises from 1999 through 2013 from Becky Penderson in Human Resources but this information was never provided to Plaintiff.

33. In or about 2014, Plaintiff spoke to Ms. Penderson and requested a formal review of Plaintiff's salary.

34. Penderson stated that nothing could be done because Plaintiff is not a "contractual" employee.

35. Penderson stated she would speak to her boss and get back to Plaintiff but she never did.

36. Imbriglio and Durnin informed Plaintiff that upper management, namely Andrasik, Austin and Aresco, refused to increase Plaintiff's salary and no justification was given.

37. Any and all excuses to be offered by defendant to explain plaintiff's unequal pay would be a pretext to mask unlawful gender discrimination.

38. Plaintiff filed claims against the defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on November 12, 2015.

39. Plaintiff received a Release of Jurisdiction from the CHRO on April 29, 2016. (attached hereto as Ex.1).

40. Plaintiff filed claims against defendant with the Equal Employment Opportunities Commission (EEOC) on or about November 12, 2015.

41. Plaintiff has requested a right to sue letter from the EEOC and is waiting receipt of the same from the EEOC.

## FIRST COUNT
### (Gender Discrimination in Violation of Title VII)

1. Plaintiff re-alleges paragraphs 1-41 and incorporates those paragraphs are though fully rewritten herein.

42. Defendant's actions violated Title VII as amended, which prohibit discrimination on the basis of gender in one or more of the following ways:

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

   b. In that defendant limited and classified the plaintiff by her gender in such a way that deprived her of her employment and/or employment opportunities;

   c. In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

   d. In that defendant treated the plaintiff adversely different from similarly situated employees;

   e. In that defendant paid the plaintiff unequally on the basis of gender;

   f. In that defendant discriminated against the plaintiff in the terms and conditions of her employment on the basis of gender;

   g. In that defendant intentionally discriminated against the plaintiff.

43. As a result of defendant's discrimination, plaintiff has been deprived of income and wages, and has been denied the full of value of certain employee benefits.

44. As a further result of defendant's discriminatory conduct, plaintiff has suffered severe humiliation, embarrassment and emotional distress.

45. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

46. The gender discrimination was a motivating factor in defendant's decision-making process to pay plaintiff less than her male co-workers.

47. Defendant exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights.

## SECOND COUNT
### (Gender Discrimination in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 47 as though fully set forth herein.

48. At all times material, plaintiff was an employee with the meaning of the Connecticut Fair Employment Practices Act cited as C.G.S. 46a-51 *et seq*.

49. At all times material, defendant was and is an employer within the meaning of the Connecticut Fair Employment Practices Act cited as C.G.S. 46a-51 *et seq*.

50. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1) in one or more of the following ways.

    a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

b. In that defendant limited and classified the plaintiff by her gender in such a way that deprived her of her employment and/or employment opportunities;

c. In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

d. In that defendant treated the plaintiff adversely different from similarly situated employees;

e. In that defendant paid the plaintiff unequally on the basis of gender;

f. In that defendant discriminated against the plaintiff in the terms and conditions of her employment on the basis of gender;

g. In that defendant intentionally discriminated against the plaintiff.

51. As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1), plaintiff suffered damages including: loss of income and wages and loss of benefits to which she was entitled under defendant's employee benefits plan.

52. As a further result of defendant's unequal pay of plaintiff, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

53. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

54. The defendant exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by discriminating against her and paying her less than similarly situated employees on the basis of her gender.

### THIRD COUNT
(Equal Pay Act)

1. Plaintiffs repeat and re-allege the allegations in Paragraphs 1-41 set forth above as though fully set forth herein.

42. This is an action for money damages and other relief for Defendant's failure to pay Plaintiff the same as male employees performing the same job, in violation of the Equal Pay Act, 29 U.S.C. 206.

43. Defendant violated the Equal Pay Act, 29 U.S.C. 206 by paying plaintiff less than men in the same position.

44. Plaintiff performs the same job and holds the same title as the other male employees and has done so for years.

45. Plaintiff's job is identical and requires the same level of skill, effort and responsibility as the male employees.

46. Plaintiff was and is performing her job with at least the same level of skill, effort and responsibility as her male co-workers.

47. Defendant continues to violate the Equal Pay Act, 29 U.S.C. 206 by paying plaintiff less than men in the same position.

48. As a result of defendant's violations of the Equal Pay Act, plaintiff suffered and sustained damages.

49. Defendant's violations of the Equal Pay Act are continuing.

50. Defendant's conduct in paying Plaintiff less than men performing the same job was willful in that it knew that it was doing so and yet failed to correct its unequal pay.

51. Defendant's unequal pay was based upon gender.

52. Defendant's unequal pay of the plaintiff was based upon gender.

53. Defendant's conduct has caused plaintiff to suffer harms and losses including lost income and attorneys' fees.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/retirement benefits, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; for an injunction requiring defendant to pay plaintiff equally; statutory attorneys' fees as permitted under the Equal Pay Act; statutory damages as permitted under the Equal Pay Act; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: July 27, 2016

_____
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Leigh Ann Marzano
**COMPLAINANT**

CHRO No. 1610232

vs.

EEOC No. 16A-2016-00257

AT&T Frontier
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** April 29, 2016

Tanya A. Hughes, Executive Director

cc:  James V. Sabatini, Esq., via email: jsabatini@sabatinilaw.com
     Keegan A. Drenosky, Esq., via email: kdrenosky@goodwin.com
     Leigh Ann Marzano, 11 Waters Avenue, Rocky Hill, CT 06067